FRANCES B. GOULDEN v. MANREKA CORPORATION

161 So. 284.
Division B.
Opinion Filed May 6, 1935.

*Warlow, Carpenter & Fishback,* for Appellant;
*Hugh Akerman,* for Appellee.

BUFORD, J.—This is an appeal from a final decree dismissing bill of complaint to cancel a tax deed upon the ground that the same is void.

The only question presented for our consideration is: "Is a tax deed executed and dated on October 30, 1933, in form prescribed by law prior to passage of Chapter 14572, Acts of 1929, and omitting the word *'subsequent'* prescribed by the 1929 Act void on its face?"

The 1929 Act prescribed (See Section 779, R. G. S., 1003 Cumulative Supplement, 1934, page 123) the substantial form of tax deed and prescribed that the deed should contain, amongst other things, substantially the following language: "and whereas said applicant has redeemed (or purchased and surrendered) all other outstanding subsequent tax certificates covering said land, and proper notice having been given as required by law of his application for issue of this deed, and no owner, claimant or other person entitled to redeem said land has appeared to redeem the same;"

The tax deed in this case, as shown by the record, contained the following language: "and whereas said applicant has purchased all other outstanding tax certificates covering said land, and proper notice having been given as required by law of its application for the issue of this deed, and no owner, claimant, or other person entitled to redeem said land, has appeared to redeem the same;"

The question is, "Does the language used in the deed substantially comply with the form prescribed by statute?"

We hold that it does.

The deed recites that the applicant has purchased all other outstanding tax certificates covering said land. This declaration goes further than what is required by statute. The statute only requires that the deed recite that the applicant

has purchased all other outstanding *subsequent* tax certificates. If it recites that the applicant has purchased *all* other outstanding tax certificates, then the recitation is paramount to one that the applicant has purchased all outstanding prior and subsequent tax certificates covering the land. So, the decree is without error and should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.